EFRAÍN MELÉNDEZ, FISCAL ESPECIAL INDEPENDIENTE.

*Número:* CE-93-340          *Resuelto:* 30 de marzo de 1994

*Efraín Meléndez, Fiscal Especial Independiente*, peticionario; *Julio Eduardo Torres*, abogado del compareciente Fidel Rivera Romero.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

Acude ante nos Efraín Meléndez, Fiscal Especial Independiente, para que revisemos una resolución que dictó el Tribunal Superior, Sala de Ponce (Hon. Leida González Degró, Juez), en reconsideración, en la cual denegó una moción del peticionario para que se le ordenara a los imputados Fidel Rivera Romero y Ángel León Martínez comparecer ante el Fiscal con el propósito de prestar muestras de caligrafía.

I

En noviembre de 1992 la Oficina del Fiscal Especial Independiente presentó cinco (5) denuncias contra Fidel Rivera Romero por infracción a la Sec. 8 de la Ley Núm. 220 de 15 de mayo de 1948, conocida como la Ley de la Bolita, 33 L.P.R.A. sec. 1247 *et seq.* Se presentaron, además, dos (2) denuncias similares contra Ángel León Martínez y una contra Edward García Chamorro. Se determinó causa probable para el arresto en todos los casos.

El 26 de enero de 1993 el Fiscal Especial Independiente presentó una moción en la cual solicitó que se ordenara a los imputados Fidel Rivera Romero y Ángel León Martínez que prestaran muestras de caligrafía para fines de comparación con ciertos documentos que éstos alegadamente habían escrito.

Subsiguientemente, el 3 de febrero, el Tribunal de Distrito de Ponce (Hon. Gilberto Zayas, Juez) declaró sin lugar la moción. En su resolución, el tribunal consignó como fundamento que los documentos y las muestras caligráficas no

quedan dentro del ámbito de la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. *Añadió que bajo dicho precepto el Fiscal únicamente puede solicitar cierta información o documento si el imputado ha hecho, a su vez, uso del mecanismo de descubrimiento de prueba.*

Por último, el Tribunal Superior, citando la decisión de *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985), expresó que el mecanismo de descubrimiento de prueba en la etapa de la vista preliminar tiene un alcance limitado.[1]

El 8 de marzo de 1993 la vista preliminar culminó y, como resultado, el Tribunal de Distrito determinó causa probable en dos (2) de los cinco (5) cargos contra Fidel Rivera Romero.[2]

Oportunamente, el peticionario presentó otra moción, esta vez ante el Tribunal Superior, mediante la cual solicitó que, conforme a la Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, se le ordenara a Fidel Rivera Romero y a Ángel León Martínez que sometieran muestras caligráficas a determinado perito. En la moción, el peticionario indicó que las muestras se solicitaban con el propó-

---

[1] Adelantamos que las expresiones del tribunal de instancia respecto a que el descubrimiento de prueba en favor del Ministerio Fiscal es más limitado que el que se hace en favor de un *imputado* no es correcto. Además, la analogía presentada con el caso citado es inapropiada.

En el caso *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985), un fiscal había solicitado la citación de once (11) testigos en un caso de tentativa de asesinato. En la vista preliminar el Fiscal presentó el testimonio de tan sólo cuatro (4) de los testigos, reservándose el uso de los de los otros seis (6) para el día del juicio. El abogado de la defensa, sin embargo, solicitó que se llamara como testigo de defensa a uno de los testigos de cargo no utilizados por el Fiscal. Este Tribunal determinó que no procedía ordenar la presentación de los testigos de cargo reservados por el fiscal.

Indicamos allí que la Constitución sólo provee para el derecho del acusado a carearse con los testigos de cargo y a obtener la comparecencia compulsoria de testigos a su favor en la etapa del juicio. Además, como norma general, expresamos que la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sólo autoriza *el descubrimiento de prueba después de la acusación*, circunscribiendo el derecho del imputado a interrogar o entrevistar *a los testigos de cargo* en las etapas anteriores al juicio a la voluntad de los testigos.

Consideramos, además, en este momento que no aplica tampoco la decisión de *Pueblo v. Tribunal Superior*, 99 D.P.R. 98 (1970). En ese caso se determinó que los fiscales carecen de autoridad para tomar declaraciones juradas y citar, so pena de desacato, a los testigos *anunciados por el acusado* para atestiguar a su favor.

[2] En cuanto a las otras denuncias, determinó ausencia de causa probable.

sito de poder demostrar que ciertos documentos que constaban en poder del peticionario habían sido escritos del puño y letra de los imputados.[3]

El 16 de junio el Tribunal Superior, Sala de Ponce (Hon. Leida González Degró, Juez), declaró sin lugar la petición del Fiscal.[4] En su día, el peticionario solicitó la reconsideración del tribunal. La misma, sin embargo, fue denegada.

Así las cosas, el peticionario acudió ante nos mediante *certiorari*, en el cual solicitó la revisión de la resolución emitida por el Tribunal Superior. Apuntó como único error que se declaró sin lugar la moción en la cual se solicitó que se ordenara a los imputados comparecer para prestar las muestras caligráficas.

Los imputados alegan, principalmente, que las Reglas de Procedimiento Criminal, en especial la Regla 235 y la Regla 95A, 34 L.P.R.A. Ap. II, no dan autoridad al Fiscal para citar —o para solicitar la citación del imputado para su comparecencia— a los fines de éstos prestar declaraciones o someterse a exámenes y pruebas físicas. Asimismo, añaden que ofrecer las muestras de escritura solicitadas tiene un efecto testimonial parcial, violando así el derecho del acusado a no autoincriminarse, esbozado por la Constitución de Puerto Rico en su Art. II, Sec. 11, L.P.R.A., Tomo 1.

No habiendo trámites ulteriores, procedemos a revocar la resolución dictada por el tribunal de instancia y a resolver que procede en esta etapa investigativa ordenar a los imputados que sometan las referidas muestras caligráficas en presencia del perito.

---

[3] Las muestras caligráficas fueron solicitadas por el Fiscal Especial Independiente con el propósito de identificar a los imputados como autores de unos documentos que obran en su poder. Dichos documentos contenían escritos relacionados con el juego de la "bolita".

[4] Resolvió allí el tribunal que, estando pendiente una vista preliminar en alzada, se denegaba esa petición sin perjuicio de que se presentara en el procedimiento criminal una vez comenzado.

## II

■　Los tribunales poseen el poder inherente de crear las reglas de procedimiento necesarias para facilitar la administración de la justicia y promover la búsqueda de la verdad. Este poder, por lo tanto, no es creado ni se circunscribe por los estatutos y reglamentos que lo definen. Por el contrario, se observa que ambos, el procedimiento civil y el procedimiento criminal, comprenden un cuerpo legal creado judicialmente. Es en vista de ello que determinamos que existe amplia autoridad para que un tribunal provea para el descubrimiento de prueba aun en ausencia de un mandato constitucional o de una legislación habilitadora. Véanse: *United States v. Nobles*, 422 U.S. 225 (1975);[5] *Millaud v. Superior Court (People)*, 227 Cal.Rptr. 222 (1986).

■　Ahora bien, este poder propio de la función judicial no es absoluto. Es inapropiado ejercitar el mismo de forma conflictiva con la Constitución federal y con la de Puerto Rico, o con la legislación promulgada al respecto. Conforme a ello, expresamos en el caso *Frattallone Di Gangi v. Tribunal Superior*, 94 D.P.R. 104, 115 (1967), que "[e]l fiscal puede conducir su investigación en la forma que estime apropiada dentro del marco que define la ley, siempre que no se lesionen los derechos de los testigos y los presuntos acusados". Véase *Holman v. Superior Ct. of Monterey Cty.*, 174 Cal.Rptr. 506, 629 P.2d 14 (1981).

Siendo ello así, al considerar si procede ordenar a un imputado o acusado que comparezca o se someta al descubrimiento solicitado por un fiscal en un caso en particular, es necesario determinar si se permite o se prohíbe expresamente por la ley o la Constitución.

---

[5] En este caso, el Tribunal Supremo federal determinó que los tribunales pueden extender el mecanismo de descubrimiento de la Regla 16 de Procedimiento Criminal federal, 28 U.S.C. (equivalente a la Regla 95 de Puerto Rico, *supra*) a materias explícitamente no autorizadas por la misma.

## III

En el caso de autos, los imputados alegan que la Regla 95A de Procedimiento Criminal, *supra*, es un impedimento legal a la solicitud del Fiscal. Esta regla dispone para el descubrimiento de prueba por parte del *acusado* en favor del Ministerio Fiscal.[6] Dicho precepto establece que el tribunal tiene autoridad para ordenar que se le permita al Ministerio Público llevar a cabo el descubrimiento de documentos, declaraciones juradas, informes y cualquier otro material similar que *la defensa intentará utilizar en el juicio*. Se establece, asimismo, que sólo se permite cuando la defensa ha comenzado, a su vez, el descubrimiento.

Expuesto lo anterior, consideramos que el argumento de los imputados no es correcto. La petición del Fiscal ante instancia en este caso no fue hecha bajo la autoridad concedida por la citada regla. Es claro que en este caso la misma fue hecha antes de haberse presentado acusación

---

[6] La Regla 95A establece:

*"REGLA 95A. DESCUBRIMIENTO DE PRUEBA DEL ACUSADO EN FAVOR DEL MINISTERIO FISCAL*

"(a) Previa moción del Ministerio Fiscal *luego de que el acusado haya solicitado el descubrimiento de prueba bajo las cláusulas (3) y (4) del inciso (a) de la Regla 95*, y dentro del término prescrito para someterla, el tribunal ordenará al acusado que permita al Ministerio Fiscal inspeccionar, copiar o fotocopiar el siguiente material o información que esté en posesión, custodia o control *del acusado y que pretenda presentar como prueba en el juicio*:

"(1) Cualquier libro, papel, documento, fotografía u objetos tangibles.

"(2) Cualquier resultado o informe de exámenes físicos o mentales y de pruebas científicas o experimentos realizados en relación con el caso en particular.

"(3) Esta regla no autoriza inspeccionar, copiar o fotocopiar récords, correspondencia, escritos o memorando que sean producto de la labor del acusado o del abogado del acusado en la investigación, estudio y preparación de su defensa, ni de cualquier comunicación hecha por el acusado, como tampoco de aquellas declaraciones hechas por el acusado, por los testigos o posibles testigos de la defensa o de El Pueblo para el acusado o para los agentes o abogados del acusado." 34 L.P.R.A. Ap. II.

La Regla 95 de Procedimiento Criminal, *supra*, en lo pertinente expone:

*"REGLA 95. DESCUBRIMIENTO DE PRUEBA DEL MINISTERIO FISCAL EN FAVOR DEL ACUSADO*

"(a) Previa moción del acusado sometida *en cualquier momento después de haberse presentado la acusación o denuncia*, y dentro del término prescrito para someterla, el tribunal ordenará al Ministerio Fiscal que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal[.]"

alguna. Asimismo, no se trata este caso de material o información que el imputado pretenda utilizar como prueba en un juicio. La primera moción fue presentada antes de la vista preliminar y la segunda, de la cual recurre el peticionario ante nos, lo fue antes de llevarse a cabo la vista preliminar en alzada. La solicitud, por lo tanto, fue hecha como parte de la etapa investigativa del caso.

■ Tampoco consideramos que es correcta la aseveración de los imputados de que la citada Regla 235 veda la solicitud del peticionario. Dicha regla autoriza a los magistrados a expedir citaciones para la comparecencia y examen bajo juramento de testigos ante sí para los trámites de determinación de causa probable, para el acto del juicio o para cualquier procedimiento pendiente de vista. También faculta a los magistrados a expedir citaciones *para la comparecencia y examen bajo juramento de testigos ante sí o ante los fiscales a los fines de la investigación de un delito.*([7])

---

([7]) La Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, fue enmendada por la Ley Núm. 80 de 9 de julio de 1986 para facilitar la requisición de la comparecencia de testigos e imputados a solicitud del Ministerio Público en casos en que el Estado decida revisar una determinación de causa que no le es favorable. El historial legislativo de dicha ley expone que la enmienda se encamina a establecer un procedimiento en casos de vista preliminar en alzada y "para establecer la obligación del tribunal de citar tanto a testigos como a imputados, cuando el fiscal o los agentes de la Policía lo soliciten". 1986 Leyes de Puerto Rico 268, 269. Dicha regla dispone del modo siguiente:

*"REGLA 235. TESTIGOS; QUIEN PODRA EXPEDIR CITACION*

"Cualquier magistrado podrá expedir citación para la comparecencia y examen bajo juramento de testigos ante sí *a los fines de la investigación de un delito* o de una vista preliminar. *Cuando el fiscal, en los casos y bajo las condiciones que estas reglas lo permitan, provea al tribunal el nombre y dirección de imputados o testigos, ello se entenderá como una solicitud de citación, bien para el trámite de determinación de causa, para el acto del juicio o para cualquier procedimiento pendiente de vista.* En estos casos será deber del tribunal, prontamente, expedir u ordenar al secretario del tribunal que expida la citación o citaciones correspondientes, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.

"El juez de cualquier tribunal podrá expedir u ordenar al secretario que expida citación para la comparecencia de cualquier testigo a juicio, a la toma de su deposición o a cualquier vista. El secretario del tribunal, a petición del acusado, podrá expedir citaciones libres de costas a esos mismos fines.

"Cualquier fiscal podrá igualmente expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito. Si un testigo no obedeciere su citación, el tribunal a solicitud del fiscal podrá expedir

Coincidimos con los imputados en que esta regla no afirma nada en cuanto a si un tribunal está obligado, a solicitud de un fiscal, a ordenarle a un imputado a que se someta a una muestra caligráfica (o a cualquier índole de examen físico), so pena de desacato. Ahora bien, aceptar esto no nos lleva a concluir que la misma impide que un tribunal así lo ordene de considerarlo apropiado a los mejores fines de la justicia.

## IV

Por último, los imputados alegan que la petición del Fiscal en este caso viola el derecho contra la autoincriminación protegido por la Constitución federal y la de Puerto Rico. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Emda. V, Const. EE. UU., L.P.R.A., Tomo 1.

■ Hemos expresado anteriormente que el derecho contra la autoincriminación excluye la producción compulsoria de las comunicaciones o de los testimonios del individuo. *Pueblo v. Chaar Cacho*, 109 D.P.R. 316 (1980). Dicho privilegio, sin embargo, no excluye la evidencia real o física derivada de la persona del sospechoso o acusado. *Pueblo v. Adorno Quiñones*, 101 D.P.R. 429 (1973). Conforme a esto, desde temprano este siglo hemos aplicado la doctrina de que el privilegio a no incriminarse se refiere sólo al testimonio compelido en sentido estricto,[8] rechazando su invocación en casos de evidencia real física derivada de la persona del sospechoso o acusado. *Pueblo v. Adorno Quiñones*, supra, págs. 432–433.

En *Pueblo v. Aspurúa*, 61 D.P.R. 252 (1943), un fiscal le solicitó a un acusado que alegaba defensa propia que se

---

mandamiento para su comparecencia ante dicho funcionario en la fecha y hora que señalare, bajo apercibimiento de desacato."

(8) El profesor Chiesa advierte que la "evidencia compelida" no es lo mismo que "testimonio compelido". Añade, además, que el privilegio contra la autoincriminación sólo se refiere al último. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I, pág. 130.

quitara la camisa para examinar si había en su cuerpo huellas de golpes. Limitando la protección constitucional a declaraciones bajo compulsión, rechazamos allí el argumento de violación al derecho contra la autoincriminación.

Citando al profesor Wigmore, expresamos:

"... no es meramente cualquiera o toda compulsión lo que constituye la médula del privilegio, históricamente y de acuerdo con las definiciones constitucionales, sino *prestar declaración bajo compulsión*. ... El privilegio protege al individuo de hacer revelaciones *que se pretenda arrancarle como testigo en un proceso legal en su contra*. ... El límite es claro. ... [U]na inspección de las características físicas por el Tribunal o por los testigos no puede constituir una violación del privilegio, porque no exige nada del acusado como testigo, esto es, con la responsabilidad de su testimonio. ..." (Énfasis en el original.) *Pueblo v. Aspurúa*, supra, págs. 255–256.

■ En *Pueblo v. Adorno Quiñones*, 101 D.P.R. 429 (1973), tampoco aceptamos la contención del acusado de que se había violado su privilegio constitucional a no incriminarse. En dicho caso se obligó a un sospechoso de haber violado a una mujer ciega a participar en un experimento de comparación de voces. Expusimos allí que la voz, al igual que los rasgos faciales *o la letra de una persona*, son características físicas de identificación que se excluyen de la protección de la Quinta Enmienda. Íd., pág. 432. Consignamos, además:

Se ha aceptado generalmente que el privilegio contra la autoincriminación no protege contra la compulsión de someterse a toma de huellas digitales, fotografías o medidas; *escribir o hablar a los fines de ser identificado*; presentarse al tribunal, ponerse de pie, adoptar determinada posisión, andar o hacer un gesto particular. (Énfasis suplido.) *Pueblo v. Adorno Quiñones*, supra, pág. 432. Véase *Pueblo v. Rodríguez Maysonet*, 119 D.P.R. 302 (1987).[9]

---

[9] En *Schmerber v. California*, 384 U.S. 757 (1966), que citamos en el caso *Pueblo v. Adorno Quiñones*, 101 D.P.R. 429 (1973), el Tribunal Supremo de EE. UU. manifestó que aunque obligar a un sospechoso a someterse a un examen de sangre sin su consentimiento contiene un elemento de producción compulsoria, la Quinta Enmienda sólo protege cuando se obliga a una persona a ser testigo en contra suya.

■ En casos posteriores, igualmente hemos repudiado la aplicabilidad del privilegio en casos de evidencia compelida. Así, en *Pueblo v. Falú Martínez*, 116 D.P.R. 828 (1986), indicamos que el exigir la extracción de una muestra de sangre no viola el derecho a la no incriminación por tratarse no de una declaración acerca del cuerpo sino, más bien, una investigación del cuerpo en sí.

■ Más recientemente aún, en *Pueblo en interés menor R.H.M.*, 126 D.P.R. 404 (1990), manifestamos que someter a un menor a evaluaciones sociales y psiquiátricas dentro de un procedimiento de renuncia de jurisdicción no constituía una violación a las protecciones constitucionales. Las evaluaciones bajo contención giraban en torno a actitudes, emociones y sensaciones de la personalidad del menor que no estaban directamente relacionadas con los hechos específicos por los cuales había de ser juzgado. Por tal razón, resolvimos allí que las mismas no representaban una violación al privilegio contra la autorincriminación.

En cuanto a la toma de pruebas caligráficas, en *Pueblo v. Tribunal Superior*, 96 D.P.R. 397 (1968), sostuvimos la exclusión de evidencia de las muestras tomadas en un caso de delito de falsificación. Sin embargo, manifestamos allí:

> ... justificamos el rechazo de la evidencia ofrecida *no por el fundamento de que se viola el derecho contra la autoincriminación*, sino por la falta de asistencia de abogado en una etapa crítica anterior de un proceso por falsificación. (Énfasis suplido.) Íd., pág. 402.[10]

---

El Juez Brennan expresó en representación de la mayoría lo siguiente:

" '[t]he prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof.' " *Schmerber v. California*, supra, pág. 763.

[10] Expresamos, además, que

■ Al efecto precisamos que, al ser la identidad de la caligrafía uno de los elementos esenciales del delito de falsificación, admitir la muestra en evidencia hubiera podido tener el efecto de autenticar la firma. Sin embargo, confirmando la doctrina de evidencia compelida desarrollada en toda la jurisprudencia antes citada, proferimos que, por lo general, *una muestra caligráfica no revela evidencia de testimonio compelido.* Es evidente que la escritura es una característica o expresión que la persona expone constantemente al público. Obligar al imputado a someterse a un examen caligráfico, por lo tanto, equivale a someterle a una inspección de las características físicas del tipo permitido en nuestro derecho constitucional.

En el caso de autos, los imputados enfrentan una posible acusación por el delito configurado por la Sec. 8 de la Ley de la Bolita, *supra.* Las muestras de caligrafía que solicita el peticionario no se refieren ni se relacionan con alguno de los elementos esenciales del delito por el cual se les intenta procesar. Tampoco se pretenden utilizar para presentar en evidencia unas manifestaciones escritas hechas por los imputados. Más bien, se pretende utilizar como evidencia de característica física para los *únicos* efectos de identificar a los imputados como autores de unos documentos que obran en poder del Fiscal Especial Independiente. Ante esta situación, no hay duda de que no procede invocar el derecho contra la autoincriminación.[11]

---

"[p]recisamente por tratarse de un delito de falsificación, cuyo elemento probatorio esencial es la identidad del escrito atribuido al acusado, podría afirmarse que prácticamente no existe diferencia con las admisiones orales incriminatorias a que aludimos al adoptar la norma de *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965)." *Pueblo v. Tribunal Superior*, 96 D.P.R. 397, 400 (1968).

En cuanto al alcance de esa expresión, *quaere.*

[11] Más aún, en la Moción en Oposición de Moción Solicitando Orden de 2 de febrero de 1993 los mismos imputados observan que este caso se trata de funcionarios públicos cuyos escritos obran en los archivos de las alcaldías. Nos parece poco lógico que se invoque el privilegio contra la autoincriminación en un caso en el que la caligrafía de los imputados está físicamente disponible al público.

## V

En resumen, resolvemos que a tenor con las disposiciones de la Regla 235 de Procedimiento Criminal, *supra*, no existe impedimento para que un magistrado, a solicitud del Ministerio Público, ordene la citación y comparecencia de un sospechoso o imputado a una vista donde se ventile la solicitud del Fiscal para que tal sospechoso o imputado sea sometido al examen de que se trate, estando facultado el tribunal para ordenar a éste a someter el espécimen o muestra solicitada de entender el magistrado que existe justificación para ello.

Por lo tanto, en estos casos los tribunales deberán cerciorarse de que exista justificación para el ejercicio de dicha discreción. Más aún, en los casos apropiados, podrán proveerse las órdenes protectoras que sean necesarias para evitar la onerosidad en los procesos y la opresión de los sospechosos e imputados. Véase *Frattallone Di Gangi v. Tribunal Superior*, supra, pág. 115.

En el caso en controversia, no encontramos limitación legal o constitucional alguna a lo solicitado por el peticionario. Además, en consideración a los hechos particulares de este caso —la etapa en que se encontraba el caso al hacer la petición, la naturaleza del delito imputado y el hecho de que ya los imputados contaban con representación legal— resolvemos que era apropiado ordenarle a los imputados Fidel Rivera Romero y Ángel León Martínez que comparecieran ante el Ministerio Fiscal con el propósito de dar muestras de su caligrafía.

Por todo lo antes expuesto, *se dictará sentencia que revoque la resolución recurrida.*

El Juez Asociado Señor Hernández Denton disintió con el pronunciamiento siguiente:

La Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II,

no autoriza la petición del Fiscal Especial Independiente. En ausencia de legislación, no se contempla en nuestro esquema constitucional el que los tribunales adoptemos reglas nuevas de procedimiento penal que afecten adversamente los derechos de imputados o acusados.

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Fuster Berlingeri no intervino.