EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Javier Sustache Torres<br><br>Recurrido | Certiorari<br><br>2006 TSPR 112<br><br>168 DPR _____ |

Número del Caso: CC-2005-984

Fecha: 30 de junio de 2006

Tribunal de Apelaciones:

        Región Judicial de Caguas-Panel XI

Juez Ponente:

        Hon. Andrés Salas Soler

Oficina del Procurador General:

        Lcda. Zaira Z. Girón Anadón
        Procuradora General Auxiliar

Abogado de la Parte Recurrida:

        Lcdo. James Reyes Figueroa

Materia: Solicitud de toma de Prueba de Caligrafía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                    CC-2005-984      Certiorari

Javier Sustache Torres

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 30 de junio de 2006.

El presente caso nos permite determinar si el Estado puede constitucionalmente obligar a un sospechoso de cometer el delito de falsificación de documentos a someterse a unas pruebas caligráficas.

I.

El Sr. Javier Sustache Torres (en adelante, Sustache Torres) está siendo investigado por la posible comisión de los delitos de apropiación ilegal y falsificación de documentos. Como parte de dicha investigación, el Ministerio Público le solicitó al Tribunal de Primera Instancia que emitiera una orden obligando a Sustache Torres

a someterse a un análisis de huellas dactilares y a unas pruebas caligráficas. El foro de instancia accedió a lo solicitado y le ordenó a Sustache Torres a comparecer ante el Instituto de Ciencias Forenses para que le realizaran dichas pruebas.

Invocando el privilegio contra la autoincriminación y lo resuelto por nosotros en Pueblo v. Tribunal Superior, 96 D.P.R. 397 (1968), Sustache Torres, **a instancia de su abogado**, rehusó someterse a los referidos exámenes. Como consecuencia de lo anterior, el Ministerio Público compareció ante el foro de instancia solicitando que se hallara a Sustache Torres incurso en desacato por haber incumplido con la orden del tribunal.

Luego de escuchar los argumentos de ambas partes, el Tribunal de Primera Instancia emitió una resolución en donde concluyó que Sustache Torres debía someterse al análisis de huellas dactilares mas no a las pruebas caligráficas. Ello en vista de que obligarlo a tomar dichas pruebas contravendría su derecho constitucional a no autoincriminarse. Inconforme con esta decisión, el Ministerio Público acudió ante el Tribunal de Apelaciones.

El foro apelativo confirmó la determinación del Tribunal de Primera Instancia. Concluyó que, conforme a lo resuelto en Pueblo v. Tribunal Superior, *supra*, el Estado no puede obligar a un sospechoso de cometer el delito de falsificación de documentos a someterse a unas

pruebas caligráficas. Todavía insatisfecho, el Ministerio Público acudió ante nos solicitando la revocación del dictamen emitido por el Tribunal de Apelaciones.

Le concedimos a Sustache Torres un término para que mostrara causa por la cual no debíamos revocar la decisión del foro apelativo. Con el beneficio de su comparecencia, procedemos a resolver.

II.

A.

En la sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico se reconoce el privilegio a no autoincriminarse. Allí se establece, en lo pertinente, que "[n]adie será obligado a incriminarse mediante su propio testimonio". Indudablemente, este derecho está inspirado en los principios más trascendentales y fundamentales que subyacen a una democracia como la nuestra. Pueblo en interés del menor J.A.B.C., 123 D.P.R. 551 (1989).

La protección concedida en virtud de dicho derecho tiene el propósito de evitar someter a un individuo al cruel "trilema" de tener que escoger entre decir la verdad y acusarse a sí mismo, mentir y ser hallado incurso en perjurio, o rehusarse a declarar y ser hallado incurso en desacato. Murphy v. Waterfront Comission, 378 U.S. 52, 55 (1964). Además, mediante el privilegio se promueve que el gobierno realice sus investigaciones criminales civilizadamente y que el sistema judicial no

se contamine con métodos de procurar la verdad que lesionan la dignidad humana. *Véase a* Ernesto L. Chiesa Aponte, I Derecho Procesal Penal de Puerto Rico y Estados Unidos 118 (Forum, 1991).

Según el tenor literal de la referida cláusula, el derecho a no autoincriminarse se activa cuando concurren los siguientes tres requisitos: (1) el Estado **obliga** a alguien, (2) a **incriminarse**, (3) mediante su propio **testimonio**.

En cuanto al primer requisito, es doctrina firmemente establecida que esta protección constitucional se extiende solamente a declaraciones compelidas. A estos efectos, hemos expresado que son admisibles en evidencia las confesiones voluntariamente ofrecidas por el sospechoso. Pueblo en interés del menor J.A.B.C., *supra*. Por ende, para que exista una violación al derecho contra la autoincriminación es necesario, como cuestión de umbral, que la declaración del individuo haya sido obtenida mediante coerción. United States v. Washington, 431 U.S. 181 (1977).

De otra parte, el privilegio contra la autoincriminación solamente aplica cuando existe una probabilidad real de que las contestaciones del sujeto a las preguntas del Estado sean utilizadas en su contra en un proceso *criminal*. *Véase a* Charles H. Whitebread & Christopher Slobogin, Criminal Procedure: An Análisis of Cases and Concepts 377 (Foundation Press, 4ª ed., 2000).

Esto implica que un individuo tiene el derecho de rehusarse a "contestar preguntas oficiales que se le hacen en cualquier tipo de proceso, sea civil o criminal, formal o informal, **en donde las contestaciones pueden incriminarlo en futuros procesos penales**". Leftkowitz v. Turley, 414 U.S. 70 (1973) (traducción nuestra y énfasis suplido).

Por último, para que pueda invocarse el derecho a la no autoincriminación, es necesario que se obligue a la persona a ser un testigo contra sí mismo. Conforme con ello, el privilegio solamente se activa cuando la evidencia que las autoridades gubernamentales pretenden obtener es de naturaleza **testimonial**. Meléndez, F.E.I., 135 D.P.R. 610 (1994).

### B.

Como consecuencia de que el derecho contra la autoincriminación solamente se extiende a testimonio en sentido estricto, desde hace más de seis décadas hemos reconocido que el privilegio no aplica cuando lo que el Estado pretende obtener mediante coerción es evidencia física o real. *Id.*

A estos efectos, en Pueblo v. Aspurúa, 61 D.P.R. 252 (1943), resolvimos que no viola la cláusula constitucional contra la autoincriminación que se le obligue a un acusado a quitarse la camisa para examinar si en su cuerpo habían huellas de golpes. De modo similar, en Pueblo v. Adorno, 101 D.P.R. 429 (1973),

concluimos que no contraviene la referida cláusula que se someta a un acusado a un experimento de comparación de voces. Fundamentamos nuestra decisión en que constituye un principio generalmente aceptado de derecho criminal que el privilegio a no incriminarse no protege contra la compulsión de someterse a tomas de huellas digitales, fotografías, muestras de escritura, entre otras cosas. *Id.* Ello en virtud de que la obtención de este tipo de evidencia no requiere nada del acusado como testigo.

Posteriormente, en Pueblo v. Falú Martínez, 116 D.P.R. 828 (1986), rechazamos un planteamiento de que ordenarle a un individuo a someterse a una prueba de sangre viola su derecho a no autoincriminarse. Razonamos que se podía compeler a un sujeto a someterse a dichas pruebas pues lo que se pretende obtener mediante ello es evidencia de carácter no testimonial. Bajo fundamentos parecidos, en Pueblo en interés del menor R.H.M., 126 D.P.R. 404 (1990), resolvimos que no se viola el privilegio cuando se somete a un menor a evaluaciones psiquiátricas con el objetivo de determinar si debe ser juzgado como adulto.

Por último, en Meléndez, F.E.I., *supra*, determinamos que la obtención de una muestra caligráfica compelida no está reñida con el derecho contra la autoincriminación ya que obligar a un sospechoso a tomar dicho examen equivale a someterle a una inspección de características físicas del tipo permitido constitucionalmente.

En fin, conforme a nuestros pasados pronunciamientos, resulta claro que en nuestra jurisdicción no se contraviene el privilegio a la no autoincriminación cuando se obliga a un sujeto a producir evidencia física o real o a someterse a pruebas que revelan características sobre su persona. Esto se debe a que el privilegio solamente veda la obtención compelida de **testimonio**.

C.

Por otro lado, en Pueblo v. Tribunal Superior, *supra*, suprimimos ciertas muestras caligráficas obtenidas por el Estado como parte de su investigación contra un sospechoso de cometer el delito de falsificación de documentos.

En esa ocasión precisamos que "el rechazo de la evidencia ofrecida [se justifica] no por el fundamento de que se viola el derecho contra la autoincriminación, sino por la falta de asistencia de abogado en una etapa crítica...de un proceso por falsificación". *Id.,* en la pág. 402. Ello es cónsono con el entendido general que se tiene en nuestra jurisdicción acerca de que el privilegio contra la autoincriminación solamente se extiende a evidencia de carácter testimonial.

Como consecuencia de esto, la obtención de una muestra caligráfica, como la que se obtuvo en Pueblo v. Tribunal Superior, *supra*, no constituye testimonio compelido a los fines de esta cláusula constitucional.

Meléndez, F.E.I., *supra*. Por ende, no cabe hablar de que en ese caso se le privó al sospechoso de su derecho a no incriminarse.

Examinado el derecho aplicable al caso de autos, analicemos los hechos que generaron la presente controversia.

### III.

Sustache Torres sostiene que el Estado no le podía obligar a someterse a unas pruebas caligráficas pues ello sería contrario a su derecho a no autoincriminarse. No estamos de acuerdo.

El privilegio contra la autoincriminación solamente se extiende a evidencia de naturaleza testimonial. Sin embargo, las muestras caligráficas que el Ministerio Público pretende conseguir en el caso de epígrafe no constituyen declaraciones testimoniales que activen la protección concedida en virtud de dicho privilegio. Meléndez, F.E.I., *supra*. Por tanto, es forzoso concluir que la evidencia objeto de controversia meramente constituye prueba de características físicas de identificación que están fuera del alcance del derecho contra la autoincriminación.

De otra parte, Sustache Torres aduce que no se le podía someter a una toma de muestra caligráfica en contra de su voluntad en virtud de nuestra jurisprudencia y, particularmente, de lo resuelto por nosotros en Pueblo v. Tribunal Superior, *supra*. Tampoco nos persuade.

En Pueblo v. Tribunal Superior, *supra*, suprimimos las muestras caligráficas que se le tomaron al sospechoso en vista de que no estuvo asistido por un abogado en el momento en que fue sometido a las pruebas. Esta no es la situación en el caso de epígrafe. Sustache Torres está asistido por un abogado. Tan es así, que fue su propio abogado quien le recomendó que no asistiera al Instituto de Ciencias Forenses a realizarse la prueba. Por tanto, la norma que allí esbozamos no es aplicable al presente caso.

En fin, somos de la opinión que es permisible constitucionalmente que se le obligue a Sustache Torres a someter unas muestras caligráficas con el propósito de determinar si cometió el delito de falsificación de documentos. Claro está, en caso de que eventualmente se le procese por la comisión de dicho delito, Sustache Torres tendrá la oportunidad de disputar los resultados que arrojen las pruebas caligráficas y de contrainterrogar y carearse con los expertos a cargo de su realización. Precisamente esto es lo que se exige en virtud de la garantía constitucional a un debido proceso de ley y del derecho a confrontación. Lo que Sustache Torres no puede reclamar, sin embargo, es ser acreedor de la protección que se concede en virtud del privilegio contra la autoincriminación a pesar de que la evidencia que el Estado le está solicitando no es de naturaleza testimonial.

IV.

En consideración a los fundamentos antes expuestos, expedimos el auto de *certiorari*, revocamos la determinación del Tribunal de Apelaciones, y devolvemos el caso al Tribunal de Primera Instancia para que le ordene a Sustache Torres a someterse a las pruebas caligráficas solicitadas por el Ministerio Público en el caso de epígrafe.

Se dictará Sentencia de conformidad.


                                 Federico Hernández Denton
                                      Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Peticionario

        v.                      CC-2005-984  Certiorari

Javier Sustache Torres

   Recurrido

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones, y devolvemos el caso al Tribunal de Primera Instancia para que le ordene a Sustache Torres a someterse a las pruebas caligráficas solicitadas por el Ministerio Público en el caso de epígrafe.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo