El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Este caso nos permite determinar si el Estado puede constitucionalmente obligar a un sospechoso de cometer el delito de falsificación de documentos a someterse a unas pruebas caligráficas.
I
El Sr. Javier Sustache Torres (Sustache Torres) está siendo investigado por la posible comisión de los delitos de apropiación ilegal y falsificación de documentos. Como parte de dicha investigación, el Ministerio Público le solicitó al Tribunal de Primera Instancia que emitiera una or-den para obligar a Sustache Torres a someterse a un análisis de huellas dactilares y a unas pruebas caligráficas. El foro de instancia accedió a lo solicitado y le ordenó a Sustache Torres a comparecer ante el Instituto de Ciencias Forenses para que le realizaran dichas pruebas.
Invocando el privilegio contra la autoincriminación y lo resuelto por nosotros en Pueblo v. Tribunal Superior, 96 D.P.R. 397 (1968), Sustache Torres, a instancia de su abo *353 gado, rehusó someterse a los referidos exámenes. Como consecuencia de lo anterior, el Ministerio Público compareció ante el foro de instancia y solicitó que se hallara a Sustache Torres incurso en desacato por haber incumplido con la orden del tribunal.
Luego de escuchar los argumentos de ambas partes, el Tribunal de Primera Instancia emitió una resolución en la que concluyó que Sustache Torres debía someterse al análisis de huellas dactilares, mas no a las pruebas caligráficas. Ello en vista de que obligarlo a tomar dichas pruebas contravendría su derecho constitucional a no incriminarse. Inconforme con esta decisión, el Ministerio Público acudió ante el Tribunal de Apelaciones.
El foro apelativo confirmó la determinación del Tribunal de Primera Instancia. Concluyó que, conforme a lo resuelto en Pueblo v. Tribunal Superior, supra, el Estado no puede obligar a un sospechoso de cometer el delito de falsificación de documentos a someterse a unas pruebas caligráficas. Todavía insatisfecho, el Ministerio Público acudió ante nos para solicitar la revocación del dictamen emitido por el Tribunal de Apelaciones.
Le concedimos a Sustache Torres un término para que mostrara causa por la cual no debíamos revocar la decisión del foro apelativo. Con el beneficio de su comparecencia, procedemos a resolver.
II
A. En el Art. II, Sec. 11, de la Constitución del Estado Libre Asociado de Puerto Rico, Tomo 1, ed. 1999, pág. 327, se reconoce el privilegio a no incriminarse. Allí se establece, en lo pertinente, que “[n]adie será obligado a incriminarse mediante su propio testimonio”. Indudablemente, este derecho está inspirado en los principios más trascendentales y fundamentales que subyacen en una de *354 mocracia como la nuestra. Pueblo en interés menor J.A.B.C., 123 D.P.R. 551 (1989).
La protección concedida en virtud de este derecho tiene el propósito de evitar que se someta a un individuo al cruel “trilema” de tener que escoger entre decir la verdad y acusarse a sí mismo, mentir y ser hallado incurso en perjurio, o rehusarse a declarar y ser hallado incurso en desacato. Murphy v. Waterfront Comission of New York, 378 U.S. 52, 55 (1964). Además, mediante el privilegio se promueve que el Gobierno realice sus investigaciones criminales civilizadamente y que el sistema judicial no se contamine con métodos de procurar la verdad que lesionen la dignidad humana. Véase E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. 1, pág. 118.
Según la referida cláusula, el derecho a no incriminarse se activa cuando concurren los tres requisitos siguientes: (1) el Estado obliga a alguien, (2) a incriminarse, (3) mediante su propio testimonio.
En cuanto al primer requisito, es doctrina firmemente establecida que esta protección constitucional se ex-tiende solamente a declaraciones compelidas. A estos efectos, hemos expresado que se admiten en evidencia las confesiones ofrecidas voluntariamente por el sospechoso. Pueblo en interés menor J.A.B.C., supra. Por ende, para que exista una violación al derecho contra la autoincriminación es necesario, como cuestión de umbral, que la declaración del individuo haya sido obtenida mediante coerción. United States v. Washington, 431 U.S. 181 (1977).
De otra parte, el privilegio contra la autoincriminación solamente aplica cuando existe una probabilidad real de que las contestaciones del sujeto a las preguntas del Estado sean utilizadas en su contra en un proceso criminal. Véase a C.H. Whitebread y C. Slobogin, Criminal Procedure: An Analisys of Cases and Concepts, 4ta ed., *355 Nueva York, Ed. Fundation Press, 2003, pág. 377. Esto implica que un individuo tiene el derecho de rehusarse a “contestar preguntas oficiales que se le hacen en cualquier tipo de proceso, sea civil o criminal, formal o informal, en donde las contestaciones pueden incriminarlo en futuros procesos penales”. (Traducción y énfasis nuestros.) Lefkowitz v. Turley, 414 U.S. 70 (1973).
Por último, para que pueda invocarse el derecho a la no autoincriminación, es necesario que se obligue a la persona a ser un testigo contra sí mismo. Conforme con ello, el privilegio solamente se activa cuando la evidencia que las autoridades gubernamentales pretenden obtener es de naturaleza testimonial. Meléndez, F.E.I., 135 D.P.R. 610 (1994).
B. Como consecuencia de que el derecho contra la autoincriminación solamente se extiende al testimonio en sentido estricto, desde hace más de seis décadas hemos reconocido que el privilegio no aplica cuando lo que el Estado pretende obtener mediante coerción es evidencia física o real. íd.
A estos efectos, en Pueblo v. Aspurúa, 61 D.P.R. 252 (1943), resolvimos que no viola la cláusula constitucional contra la autoincriminación que se obligue a un acusado a quitarse la camisa para examinar si en su cuerpo había huellas de golpes. De modo similar, en Pueblo v. Adorno Quiñones, 101 D.P.R. 429 (1973), concluimos que no contraviene la referida cláusula que se someta a un acusado a un experimento de comparación de voces. Fundamentamos nuestra decisión en que constituye un principio generalmente aceptado de derecho criminal que el privilegio a no incriminarse no protege contra la compulsión de someterse a la toma de huellas digitales, fotografías, muestras de escritura, entre otras cosas. Id. Ello por que la obtención de este tipo de evidencia no requiere nada del acusado como testigo.
*356 Posteriormente, en Pueblo v. Falú Martínez, 116 D.P.R. 828 (1986), rechazamos un planteamiento de que ordenarle a un individuo a someterse a una prueba de sangre viola su derecho a no incriminarse. Razonamos que se podía compeler a un sujeto a someterse a dichas pruebas, pues lo que se pretende obtener mediante ello es evidencia de carácter no testimonial. Bajo fundamentos parecidos, en Pueblo en interés menor R.H.M., 126 D.P.R. 404 (1990), resolvimos que no se viola el privilegio cuando se somete a un menor a evaluaciones psiquiátricas con el objetivo de determinar si debe ser juzgado como adulto.
Por último, en Meléndez, F.E.I., supra, determinamos que la obtención de una muestra caligráfica compelida no está reñida con el derecho contra la autoincriminación, ya que obligar a un sospechoso a tomar dicho examen equivale a someterle a una inspección de características físicas del tipo permitido constitucionalmente.
En fin, conforme a nuestros pasados pronunciamientos, resulta claro que en nuestra jurisdicción no se contraviene el privilegio a la no autoincriminación cuando se obliga a un sujeto a producir evidencia física o real, o a someterse a pruebas que revelan características sobre su persona. Esto se debe a que el privilegio solamente veda la obtención compelida de testimonio.
C. Por otro lado, en Pueblo v. Tribunal Superior, supra, suprimimos ciertas muestras caligráficas obtenidas por el Estado como parte de su investigación contra un sospechoso de cometer el delito de falsificación de documentos. En esa ocasión precisamos que “el rechazo de la evidencia ofrecida [se justifica] no por el fundamento de que se viola el derecho contra la autoincriminación, sino por la falta de asistencia de abogado en una etapa crítica ... de un proceso por falsificación”. íd., pág. 402. Ello es cónsono con el entendido general que se tiene en nuestra jurisdicción acerca de que el privilegio contra la autoincri *357 minación solamente se extiende a la evidencia de carácter testimonial.
Como consecuencia de esto, la obtención de una muestra caligráfica, como la que se obtuvo en Pueblo v. Tribunal Superior, supra, no constituye un testimonio compelido a los fines de esta cláusula constitucional. Meléndez, F.E.I., supra. Por ende, no cabe hablar de que en ese caso se le privó al sospechoso de su derecho a no incriminarse.
Examinado el derecho aplicable al caso de autos, analicemos los hechos que generaron esta controversia.
III
Sustache Torres sostiene que el Estado no le podía obligar a someterse a unas pruebas caligráficas, pues ello sería contrario a su derecho a no incriminarse. No estamos de acuerdo.
El privilegio contra la autoincriminación solamente se extiende a la evidencia de naturaleza testimonial. Sin embargo, las muestras caligráficas que el Ministerio Público pretende conseguir en el caso de epígrafe no constituyen declaraciones testimoniales que activen la protección concedida en virtud de dicho privilegio. Meléndez, F.E.I., supra. Por lo tanto, es forzoso concluir que la evidencia objeto de controversia meramente constituye prueba de características físicas de identificación que están fuera del alcance del derecho contra la autoincriminación.
De otra parte, Sustache Torres aduce que no se le podía someter a una toma de muestra caligráfica contra su voluntad en virtud de nuestra jurisprudencia y, particularmente, de lo resuelto por nosotros en Pueblo v. Tribunal Superior, supra. Tampoco nos persuade.
En Pueblo v. Tribunal Superior, supra, suprimimos las muestras caligráficas que se le tomaron al sospechoso porque no estuvo asistido por un abogado en el momento cuando fue sometido a las pruebas. Esta no es la situación *358 en el caso de epígrafe. Sustache Torres está asistido por un abogado. Tan es así, que fue su propio abogado quien le recomendó que no asistiera al Instituto de Ciencias Forenses a realizarse la prueba. Por lo tanto, la norma que allí esbozamos no aplica al caso.
En fin, opinamos que es permisible constitucionalmente que se obligue a Sustache Torres a someterse unas muestras caligráficas con el propósito de determinar si cometió el delito de falsificación de documentos. Claro está, en caso de que eventualmente se le procese por la comisión de dicho delito, Sustache Torres tendrá la oportunidad de disputar los resultados que arrojen las pruebas caligráficas, de contrainterrogar y de carearse con los expertos a cargo de su realización. Precisamente esto es lo que se exige en virtud de la garantía constitucional a un debido proceso de ley y del derecho a confrontación. Lo que Sustache Torres no puede reclamar, sin embargo, es ser acreedor de la protección que se concede en virtud del privilegio contra la autoincriminación, a pesar de que la evidencia que el Estado le solicita no es de naturaleza testimonial.
IV
En consideración a los fundamentos antes expuestos, expedimos el auto de “certiorari”, revocamos la determinación del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que ordene a Sustache Torres que se someta a las pruebas caligráficas solicitadas por el Ministerio Público en el caso de epígrafe.

Se dictará sentencia de conformidad.

Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez no intervinieron.