| | | |
|---|---|---|
| **Estado Libre Asociado de Puerto Rico**<br>**TRIBUNAL DE APELACIONES**<br>**PANEL II** | | |
| TIMNA R. SALDAÑA TORRES<br><br>Apelante<br><br>v.<br><br>CLINICAL MEDICAL SERVICES, INC., ASEGURADORAS ABC y XYZ, FULANO DE TAL<br><br>Apelados | KLAN202300877 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso número: FA2020CV00729<br><br>Sobre: Acoso Laboral, Discrimen en el Empleo, Represalias (Ley 90, Ley 100, Ley 44, Ley 115), Procedimiento Sumario Laboral (Ley 2) |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece la parte apelante, Timna R. Saldaña Torres, y nos solicita que revoquemos la *Sentencia Sumaria* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, el 19 de septiembre de 2023, notificada el 21 del mismo mes y año. Mediante dicho dictamen, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria promovida por la parte apelada, Clinical Medical Services, Inc. En su consecuencia, desestimó y archivó con perjuicio la causa de acción incoada por la parte apelante.

Por los fundamentos que exponemos a continuación, se revoca el dictamen apelado. Veamos.

### I

El 13 de noviembre de 2020, Timna R. Saldaña Torres (Saldaña Torres o apelante) radicó una *Querella* sobre acoso laboral, discrimen en el empleo y represalias en contra de Clinical Medical Services, Inc. (Clinical

Número Identificador

SEN2024 _____

o apelada).[1] La referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961). Por su parte, el 2 de diciembre de 2020, Clinical presentó su alegación responsiva.[2]

Luego de varios trámites procesales y culminado el descubrimiento de prueba, el 30 de mayo de 2023, se celebró la Conferencia con Antelación al Juicio.[3] Según surge del *Informe Preliminar entre Abogados y Abogadas* discutido en dicha conferencia, Clinical informó su intención de presentar una moción dispositiva, a lo cual Saldaña Torres se opuso por entender que era tardía.[4] Sobre ese particular, se desprende de la determinación apelada que, las partes argumentaron sobre lo anterior y el Tribunal de Primera Instancia dispuso que permitiría la presentación de la moción dispositiva promovida por la parte apelada, sin que ello conllevara un impedimento para que la apelante presentara nuevamente su objeción en oposición a la moción dispositiva que se presentaría.[5]

Así las cosas, el 29 de junio de 2023, Clinical instó una *Solicitud de Sentencia Sumaria*, mediante la cual solicitó la desestimación de la acción de epígrafe.[6] En síntesis, sostuvo que, conforme a los hechos admitidos por Saldaña Torres durante su deposición, así como a la evidencia documental presentada, no existía controversia sobre algún hecho material que ameritara la celebración de un juicio en su fondo. Asimismo, argumentó que las alegaciones propuestas por la apelante no establecían una causa

---

[1] Apéndice 1 del recurso, págs. 1-7.
[2] Apéndice 2 del recurso, págs. 8-16.
[3] Entrada Núm. 39 del Caso Núm. FA2020CV00729 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Apéndice 14 del recurso, págs. 67-71. Cabe destacar que en el expediente ante nos obra una copia incompleta del referido informe. Véase, Entrada Núm. 35 del Caso Núm. FA2020CV00729 en el SUMAC.
[5] Apéndice 20 del recurso, pág. 127.
[6] Apéndice 15 del recurso, págs. 72-107. Junto a su petitorio, Clinical presentó los siguientes documentos: (1) copia de la *Deposición* de Saldaña Torres, con fecha del 23 de marzo de 2023, la cual incluye Exhibits 1-28; (2) copia de la *Deposición* de Saldaña Torres, con fecha del 24 de marzo de 2023, la cual incluye Exhibits 29-52; (3) copia de la *Declaración Jurada* suscrita por Rosana Ramírez Torres el 29 de junio de 2023; (4) copia de la *Forma de Auto-Identificación*, firmada por Saldaña Torres el 25 de junio de 2014. Véase, Anejos en la Entrada Núm. 40 del Caso Núm. FA2020CV00729 en el SUMAC.

de acción de discrimen por razón de impedimento, represalias o acoso laboral, por lo que procedía la desestimación con perjuicio de la *Querella*.

En respuesta, el 17 de julio de 2023, Saldaña Torres presentó una *Oposición a que se Considere la Solicitud de Sentencia Sumaria por Radicación Tardía*.[7] Alegó que, en ningún momento, Clinical peticionó una prórroga, ni acreditó una justa causa, para presentar tardíamente la mencionada solicitud dispositiva. Según adujo, considerar la moción de sentencia sumaria radicada tardíamente era contrario al propósito sumario de la Ley Núm. 2-1961, *supra*, y resultaría en una medida dilatoria en detrimento de la trabajadora que el citado estatuto pretendía proteger. En la alternativa, de considerarse el referido petitorio, solicitó una prórroga de veinte (20) días para presentar su oposición a los méritos de la *Solicitud de Sentencia Sumaria*.

El 4 de agosto de 2023, notificada el 7 del mismo mes y año, el foro primario emitió una *Orden* mediante la cual le concedió a Clinical un término de diez (10) días para exponer su posición, so pena de conceder el remedio solicitado por Saldaña Torres.[8] En cumplimiento con ello, el 7 de agosto de 2023, Clinical replicó.[9]

Atendido lo anterior, el 19 de septiembre de 2023, notificada el 21 del mismo mes y año, el foro *a quo* emitió la *Sentencia Sumaria* que nos ocupa.[10] En esta, declaró Ha Lugar la *Solicitud de Sentencia Sumaria* promovida por Clinical y, en su consecuencia, desestimó y archivó con perjuicio la causa de acción de epígrafe. En lo aquí atinente, el foro apelado hizo constar en el tracto procesal de la referida determinación que Saldaña Torres no había expuesto oposición a los méritos del petitorio sumario y, en la alternativa, había solicitado que se le concediera un término para presentar su oposición, fundamentado en la extensión de la moción dispositiva, la complejidad de la controversia y la cantidad de los anejos. Sin embargo, el foro primario nada determinó sobre ello.

---

[7] Apéndice 16 del recurso, págs. 108-117.
[8] Apéndice 17 del recurso, pág. 118.
[9] Apéndice 18 del recurso, págs. 119-124.
[10] Apéndice 20 del recurso, págs. 126-152.

Inconforme, el 2 de octubre de 2023, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló el siguiente error:

Erró el Tribunal de Primera Instancia al dictar Sentencia Sumaria entre las partes antes de que la parte apelante pudiese presentar su oposición a la Solicitud de Sentencia Sumaria y sin considerar la oportuna petición de prórroga incoada por la Sra. Saldaña.

En cumplimiento con nuestra *Resolución* del 4 de octubre de 2023, la parte apelada compareció mediante *Alegato en Oposición a Apelación* el 6 de noviembre de 2023.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118, resuelto el 29 de septiembre de 2023; *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023; *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, resuelto el 24 de julio de 2023; *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Ins. et als. v. ELA et al.*, 2023 TSPR 24, 211 DPR ___ (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial,

mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un

hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. et als. v. ELA et al.*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una

sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, 2023 TSPR 120, resuelto el 3 de octubre de 2023; *Serrano Picón v. Multinational Life Insurance Company*, supra; *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al dictar *Sentencia Sumaria* antes de que pudiese presentar su oposición a la *Solicitud de Sentencia Sumaria* promovida por la parte apelada y sin considerar su oportuna petición de prórroga solicitada a esos efectos. En particular, planteó que dicho acto constituyó una vulneración al debido proceso de ley, específicamente a ser escuchada y tener la oportunidad de refutar los argumentos presentados por la parte apelada.

Hemos examinado cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa

aplicable y concluimos que el foro primario incidió en su determinación. Nos explicamos.

Según esbozado, en el presente caso se celebró una Conferencia con Antelación al Juicio, en la cual la parte apelada informó su intención de presentar una solicitud de sentencia sumaria, a lo cual la apelante se opuso por entender que era tardía. Entendido el asunto, el foro *a quo* dispuso que permitiría la presentación de dicha moción, sin que ello conllevara un impedimento para que la parte apelante presentara nuevamente su objeción en oposición. La apelada presentó formalmente la solicitud de sentencia sumaria y, posteriormente, la apelante se opuso nuevamente a la radicación tardía del petitorio por escrito, conforme a lo dispuesto por el foro de instancia en la referida Conferencia.

Igualmente, surge del tracto procesal del caso de autos que, en el mismo escrito en oposición, la apelante había solicitado al foro primario una prórroga para presentar la oposición a los méritos de la moción de sentencia sumaria, ello en la alternativa de si dicho tribunal aceptaba la presentación tardía del mencionado petitorio. Fundamentó dicha solicitud en la extensión de la moción dispositiva, la complejidad de la controversia y la cantidad de los anejos. Así las cosas, el foro apelado le concedió a la parte apelada un término para exponer su posición y, en cumplimiento con la orden, esta replicó. Pendiente la solicitud de prórroga de la apelante, el foro sentenciador declaró Ha Lugar la moción de sentencia sumaria y, en su consecuencia, desestimó y archivó con perjuicio la causa de acción de epígrafe, privando así a la parte apelante de la oportunidad de oponerse a los méritos de esta.

Sabido es que los tribunales de instancia pueden conceder prórrogas a términos de cumplimiento estricto, siempre y cuando, a su discreción, la parte que los solicita demuestre que hay justa causa para concederlos. Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2; *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157 (2016). Ahora bien, nos encontramos ante un pleito incoado bajo el procedimiento sumario laboral

que provee la Ley Núm. 2-1961, *supra*. Debido a la celeridad con la que deben encauzarse estos procesos judiciales, se alteraron ciertos términos y condiciones, los cuales, como regla general, rigen la litigación civil en nuestro ordenamiento jurídico procesal. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 347 (2021). Es decir, la Ley Núm. 2-1961, *supra*, dispone de términos más cortos que los provistos para procedimientos ordinarios. Por lo tanto, los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo dicho estatuto. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 929 (2008). No obstante, el Tribunal de Primera Instancia, *motu proprio*, concedió un término a la apelada para que replicara, extendiendo así –dentro de su amplia discreción– los términos cortos propios de un procedimiento sumario, mas no consideró la prórroga solicitada por la apelante para someter su oposición a los méritos del petitorio en cuestión. En nuestro ordenamiento jurídico, los foros apelativos solo ejerceremos nuestra facultad revisora en aquellos casos que se demuestre que el foro primario actuó de manera arbitraria o cuando haya abusado de su discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, (2000); *Meléndez v. F.E.I.*, 135 DPR 610 (1994). Habiendo examinado el expediente ante nos, concluimos que el foro recurrido debió conceder un término adicional a lo requerido en la Regla 36.3 de Procedimiento Civil, *supra*, para que la apelante presentara su oposición, por lo que incidió en su proceder.

Al así actuar, el foro de origen se apartó del principio rector de todos los procedimientos de naturaleza civil que se ventilan ante nuestro Tribunal General de Justicia, que es garantizar la solución justa, rápida y económica de los procedimientos. Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 595 (2011). Ante el escenario anterior, coincidimos con lo propuesto por la parte apelante, pues resulta forzoso concluir que el foro *a quo* falló al no concederle la prórroga solicitada por esta para la presentación de la

oposición a los méritos de la *Solicitud de Sentencia Sumaria* instada por la apelada. En conclusión, el error señalado se cometió.

En virtud de lo anterior, colegimos que el Tribunal de Primera Instancia erró al emitir la *Sentencia Sumaria* desestimando la *Querella* de epígrafe, sin darle una oportunidad a la parte apelante de someter su oposición a los méritos de la *Solicitud de Sentencia Sumaria* promovida por la parte apelada. En fin, al evaluar concienzuda y ponderadamente *de novo* los eventos procesales al palio de la normativa jurídica antes esbozada, determinamos que procede conceder la prórroga solicitada oportunamente por Saldaña Torres. Por consiguiente, revocamos la *Sentencia Sumaria* que nos ocupa.

**IV**

Por los fundamentos que anteceden, revocamos el dictamen apelado y devolvemos el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones