Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>RAYMOND TORRES ECHEVARRÍA<br><br>PETICIONARIO | KLCE202400747 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. I1VP202301238<br><br>Sobre: Art. 5.07/Imprudencia/ Negligencia Temeraria |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2024.

## I.

El 8 de julio de 2024, el señor Raymond Torres Echevarría (señor Torres Echevarría o peticionario) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 10 de junio de 2024, notificada y archivada en autos al día siguiente.[1] En la *Orden,* el TPI declaró Ha Lugar una solicitud de orden promovida por el Ministerio Público (Pueblo de Puerto Rico o parte recurrida) para que se le tomara una muestra de ADN al señor Torres Echevarría como parte del caso criminal que se lleva en su contra por la alegada comisión de tres delitos graves en violación de la *Ley de vehículos y tránsito de Puerto Rico*, Ley Núm. 22 de 2000, según enmendada, 9 LPRA secs. 5001 *et seq.*, (Ley Núm. 22-2000). En consecuencia, el foro primario ordenó al peticionario a

---

[1] Apéndice de la *Petición de Certiorari*, Anejo 3, págs. 5-6.

someterse a la prueba de ADN bucal y autorizó a un agente del orden público a tomar la muestra.

Junto a su petición, el señor Torres Echevarría radicó una *Moción urgente en auxilio de jurisdicción para la paralización de los procedimientos al amparo de la Regla 84 del Reglamento del Tribunal de Apelaciones* en la que solicitó que ordenáramos la paralización de los procedimientos ante el foro primario.

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha lugar la solicitud de orden en auxilio de jurisdicción presentada por el peticionario y le concedimos un término de diez (10) días al Pueblo de Puerto Rico para exponer su posición sobre los méritos del recurso.

El 15 de julio de 2024, el Pueblo de Puerto Rico presentó una *Solicitud de extensión de término* en la que solicitó que le concediéramos una extensión de quince (15) días para exponer su posición sobre los méritos del recurso. Esa solicitud se torna académica ante la emisión de la presente *Resolución.*

En vista de lo anterior, damos por perfeccionado el recurso y, en adelante, pormenorizaremos los hechos procesales atinentes al mismo.

**II.**

El caso de marras tuvo su génesis el 31 de octubre de 2023 cuando el Pueblo de Puerto Rico presentó diversas denuncias en contra del señor Torres Echevarría por varias violaciones a la Ley Núm. 22-2000, *supra*, por su alegada participación en un accidente de tránsito, ocurrido dos días antes en el municipio de Mayagüez, en el que resultó una persona muerta y múltiples heridos.[2] El Tribunal Municipal de Mayagüez encontró causa para arresto en

---

[2] La fecha de este incidente procesal surge de la página cibernética del Poder Judicial, https://poderjudicial.pr/index.php/consulta-de-casos/ para el caso I1VP202301238. Tomamos conocimiento judicial de ello al amparo de la Regla 201 de Evidencia, 32 LPRA Ap. IV, R. 201.

tres delitos graves.[3]

Luego de múltiples trámites procesales, el 28 de mayo de 2024, tras la celebración de la Vista Preliminar, el TPI, por voz del Hon. Héctor L. López Sánchez, encontró causa para juicio en contra del peticionario por tres delitos graves bajo los Artículos 4.02 (Abandonar la escena de un accidente de tránsito), 5.07(B) (Imprudencia o negligencia al conducir, causar daño corporal o permanente y abandonar la escena) y 5.07(C) (imprudencia o negligencia al conducir, causar la muerte de una persona y abandonar la escena) de la Ley Núm. 22-2000, *supra* secs. 5102, 5127 (B) y (C), respectivamente.[4] En consecuencia, el 17 de junio de 2024, se radicaron las acusaciones por la comisión de dichos delitos.[5]

El 4 de junio de 2024, el Pueblo de Puerto Rico radicó una *Moción en solicitud de orden para toma de muestra de ADN al amparo de la Regla 235 de las de Procedimiento Criminal* en la que solicitó al TPI que le ordenara al acusado someterse a una prueba de ADN, por vía de una muestra bucal.[6] La vista para lectura de acusación estaba pautada para el 18 de junio de 2024. A esos efectos, incluyó un proyecto de orden.

El 10 de junio de 2024, el foro primario emitió la *Orden* recurrida en la que ordenó al peticionario a someterse a la referida prueba de ADN.[7] En el dictamen, se ordenó:

> Examinada la Moción presentada por el Ministerio Público y lo resuelto en los casos de <u>Pueblo vs. Falú Martínez</u>, 116 DPR 828 (1986) y <u>Efraín Meléndez, Fiscal Especial Independiente</u>, 94 JTS 42, este Tribunal declara la misma CON LUGAR.
>
> En su consecuencia ordena a el señor Raymond R. Torres Echevarría a someterse a las prácticas necesarias para obtener muestras de ADN (BUCAL). Se autoriza, además, al

---

[3] Este incidente procesal surge de la relación de hechos que se consignan en el escrito de la parte peticionaria.
[4] El procedimiento de Vista Preliminar por los tres delitos por los que se encontró causa probable para arresto recibió el alfanumérico I1VP202301238-1240.
[5] Íd., Anejo 8, págs. 19-24.
[6] Íd., Anejo 2, págs. 2-4.
[7] Íd., Anejo 3, págs. 5-6. La *Orden* fue notificada y archivada en autos al día siguiente.

> Agte. Juan Carlos Troche Torres, pl. 29922 de la División de Servicios Técnicos de la Policía de Puerto Rico a tomar las muestras que sean necesarias.
>
> Se apercibe que el incumplimiento de lo aquí ordenado constituirá desacato al Tribunal.[8]

El 11 de junio de 2024, el señor Torres Echevarría presentó una *Moción para que se deje sin efecto orden y se celebre vista al amparo del debido proceso de ley* en la que solicitó al TPI que dejara sin efecto la *Orden* del 10 de junio de 2024 porque, a su entender, el foro primario debía cerciorarse de que existiera justificación para ordenar el examen físico del peticionario mediante la celebración de una vista.[9]

El 12 de junio de 2024, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud del peticionario para dejar sin efecto la *Orden* del 10 de junio de 2024.[10]

El 13 de junio de 2024, el peticionario radicó una moción titulada *Suplemento a "Moción para que se deje sin efecto Orden y se celebre vista al amparo del debido proceso de ley* en la que reiteró su solicitud al TPI para que dejara sin efecto su *Orden* del 10 de junio de 2024.[11] En esta ocasión, centró su argumento en que el Pueblo de Puerto Rico debía presentar su solicitud de orden de registro y allanamiento en la sala del tribunal en la que se celebraría el juicio en su fondo.

El 17 de junio de 2024, el señor Torres Echevarría presentó una *Moción en reconsideración* en la que argumentó que la *Orden* era *ultra vires*, puesto que el tribunal que la emitió perdió competencia sobre el caso luego de que culminara la Vista Preliminar.[12] Asimismo, planteó que debía realizarse una vista en la que se ventilara la solicitud para tomar la muestra y que, de todas

---

[8] Íd., pág. 6.
[9] Íd., Anejo 4, págs. 7-8.
[10] Íd., Anejo 6, pág. 13. La *Resolución* fue notificada y archivada al día siguiente.
[11] Íd., Anejo 5, págs. 9-12.
[12] Íd., Anejo 7, págs. 14-18.

formas, la prueba de ADN no era procedente porque el peticionario no era una persona de interés, sino un acusado.

El 18 de junio de 2024, el TPI celebró el acto de Lectura de Acusación.[13]

El 28 de junio de 2024, el TPI emitió una *Orden* en la que señaló una vista argumentativa a celebrarse el 2 de julio de 2024 en aras de atender la *Moción de reconsideración* presentada por el peticionario.[14]

El 2 de julio de 2024, celebrada la vista argumentativa, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la reconsideración solicitada por el peticionario.[15] Sucintamente consignó: "Se declara No Ha Lugar en corte abierta. Notifíquese a las partes".[16]

En desacuerdo, el 8 de julio de 2024, el señor Torres Echevarría radicó ante esta Curia el presente recurso que nos ocupa y le imputó al foro primario la comisión de los siguientes dos errores:

A. COMETIÓ GRAVE ERROR EL HONORABLE JUEZ DE VISTA PRELIMINAR AL EXPEDIR UNA ORDEN DE REGISTRO Y ALLANAMIENTO DE ADN SIN HABERSE CELEBRADO VISTA EN DONDE EL MINISTERIO PUBLICO DEMOSTRARA CAUSA PROBABLE, APOYADO EN JURAMENTO O AFIRMACION, EN VIOLACION A LA CLAUSULA CONSTITUCIONAL DE REGISTRO Y ALLANAMIENTO IRRAZONABLES CONTRA LA PERSONA Y SU DERECHO A LA INTIMIDAD.

B. ERRO EL HONORABLE JUEZ DE VISTA PRELIMINAR AL EXPEDIR LA ORDEN DE REGISTRO Y ALLANAMIENTO DE ADN, SIENDO EL MISMO JUEZ QUE CELEBRÓ LA VISTA PRELIMINAR, TENIENDO CONTACTO PREVIO CON LA PRUEBA Y LUEGO DE HABER PERDIDO LA JURISDICCION Y COMPETENCIA DEL CASO POR YA NO ESTAR ANTE [É]L LA CONSIDERACIÓN DEL CASO QUE NOS OCUPA EN CLARA VIOLACION AL DEBIDO PROCESO DE LEY.

---

[13] Este hecho procesal surge de la página cibernética del Poder Judicial para el caso ISCR202400724-726.

[14] Íd., Anejo 9, pág. 25.

[15] Íd., Anejo 1, pág. 1. La *Resolución* fue notificada y archivada en autos al día siguiente.

[16] Íd.

Es su posición que: (1) la *Orden* recurrida, emitida al amparo de la Regla 235 de Procedimiento Criminal, 34 LPRA Ap. II, R. 235, constituyó realmente una orden de registro y allanamiento y, por ello, requería la celebración de una vista y la determinación de causa probable para su expedición; (2) al no cumplirse con lo que la Constitución del Estado Libre Asociado y las Reglas 230 a 233 de Procedimiento Criminal, *supra*, R. 230-233, exigen para la expedición de este tipo de orden, se estaría violando el derecho de intimidad del peticionario; (3) la Regla 235 de Procedimiento Criminal, *supra*, no faculta al TPI a ordenarle al imputado a someterse a este tipo de prueba; (4) ninguno de los delitos imputados al peticionario está incluido en la lista de los delitos por los cuales toda persona contra quien se determine causa probable para arresto deberá someterse a la toma de una muestra de ADN, según establece el Art. 8 de la *Ley del banco de datos de ADN de Puerto Rico*, la Ley Núm. 175 de 1998, según enmendada, 34 LPRA sec. 4006; y (5) el tribunal que dictó la *Orden* recurrida perdió su jurisdicción sobre el caso desde que encontró causa para juicio. Ante esto último, argumenta que el Pueblo de Puerto Rico debía presentar su solicitud a partir de la Lectura de Acusación en la sala en la que fuera asignado el juicio, toda vez que el juez que evaluara la solicitud de expedición de orden tenía que ser un juez distinto al que encontró causa probable para juicio.

Junto al recurso de epígrafe, el peticionario presentó una *Moción urgente en auxilio de jurisdicción para la paralización de los procedimientos al amparo de la Regla 84 del Reglamento del Tribunal de Apelaciones* en la que solicitó que ordenáramos la paralización de los procedimientos ante el foro primario.

Ese mismo día, emitimos una *Resolución* en la que denegamos la solicitud de orden en auxilio de jurisdicción y le concedimos al Pueblo de Puerto Rico un término para exponer su posición sobre

los méritos del recurso.

El 15 de julio de 2024, el Pueblo de Puerto Rico presentó una *Solicitud de extensión de término* en la que solicitó una extensión al término concedido para que expusiera su posición sobre los méritos del recurso. Empero, esa solicitud se torna académica ante la presente *Resolución.*

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. **Medina Nazario v. McNeil Healthcare LLC**, 194 DPR 723, 728 (2016). Véase, además, **IG Builders et al. v. BBVAPR**, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. **Rivera Figueroa v. Joe's European Shop**, 183 DPR 580, 596 (2011).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.*[17]

---

[17] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

La Regla 235 de Procedimiento Criminal, *supra*, establece lo siguiente:

> **Cualquier magistrado podrá expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito o de una vista preliminar.** Cuando el fiscal, en los casos y bajo las condiciones que estas reglas lo permitan, provea al tribunal el nombre y dirección de imputados o testigos, ello se entenderá como una solicitud de citación, bien para el trámite de determinación de causa, para el acto del juicio o para cualquier procedimiento pendiente de vista. En estos casos será deber del tribunal, prontamente, expedir u ordenar al secretario del tribunal que expida la citación o citaciones correspondientes, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.
>
> El juez de cualquier tribunal podrá expedir u ordenar al secretario que expida citación para la comparecencia de cualquier testigo a juicio, a la toma de su deposición o a cualquier vista. El secretario del tribunal, a petición del acusado, podrá expedir citaciones libres de costas a esos mismos fines.
>
> Cualquier fiscal podrá igualmente expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito. Si un testigo no obedeciere su citación, el tribunal a solicitud del fiscal podrá expedir mandamiento para su comparecencia ante dicho funcionario en la fecha y hora que señalare, bajo apercibimiento de desacato. (Énfasis nuestro).

Según los postulados de esta Regla, en *Meléndez,* **FEI,** 135 DPR 610 (1994), nuestro Tribunal Supremo resolvió que no existe impedimento para que un tribunal ordene la citación y comparecencia de un imputado a una vista en la que se evalúe la solicitud del Ministerio Público para que éste sea sometido al examen de que se trate, pudiendo el tribunal ordenar a éste a someter el espécimen o muestra solicitada de entender que existe justificación para así hacerlo. *Meléndez, FEI,* supra, pág. 622. Así, resolvió que los tribunales deberán cerciorarse de que exista justificación para el ejercicio de esta discreción y, cuando sea necesario, deberán proveer las órdenes protectoras que entiendan indispensables para evitar onerosidad y opresión al imputado. Íd. En *Meléndez, FEI,* supra, se trató de una petición del Ministerio Público para que se le ordenara al imputado someter muestras de

caligrafía y fue presentada entre la vista preliminar y una vista preliminar en alzada; es decir, antes de la lectura de acusación, al igual que en el caso ante nos. Por ello, el hecho de que la solicitud fue hecha como parte de la etapa investigativa del caso pesó en la determinación de nuestro más alto foro. Íd., págs. 617 y 622.

Asimismo, el Tribunal Supremo resolvió en dicho caso que el privilegio a no autoincriminarse se refiere al **testimonio** compelido en el sentido estricto, rechazando su invocación en casos de evidencia real física derivada de la persona del acusado. Íd., pág. 618. Además, si se pretende utilizar como evidencia física, a los únicos fines de identificar al acusado, se permite. Íd., pág. 621. De la mano con esto, nuestro más alto foro también ha reconocido que la orden a un individuo a someterse a una prueba corporal, en este caso en particular de sangre, no viola su derecho a no incriminarse. *Pueblo v. Falú,* 116 DPR 828 (1986). A su entender, este privilegio únicamente protege las manifestaciones orales, dejando desprotegido además el ser compelido a someterse a la toma de huellas digitales, fotografías o medidas particulares; hablar para ser identificado; presentarse ante el tribunal; ponerse de pie; y realizar un gesto o adoptar una posición en particular. Íd., pág. 834.

### IV.

En el caso de autos, el TPI emitió una *Orden* en la que autorizó la toma de una muestra de ADN al señor Torres Echevarría. En desacuerdo, el peticionario plantea que el foro primario violentó la protección constitucional contra los registros y allanamientos irrazonables, que correspondía la celebración de una vista en la que el Pueblo de Puerto Rico demostrara causa probable para justificar la *Orden* recurrida y que el juez que firmó el dictamen fue el mismo que presidió la vista preliminar.

Tras un análisis objetivo, sereno y cuidadoso del expediente del recurso, resolvemos que debemos abstenernos de ejercer nuestra

función revisora, en conformidad con los criterios postulados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. A nuestro juicio, no atisbamos motivo o error alguno que amerite intervención. La *Orden* recurrida es esencialmente correcta en derecho, al no haberse incurrido en un abuso de discreción, pasión, prejuicio, o parcialidad. El TPI actuó dentro de los confines que imponen las Reglas de Procedimiento Criminal, *supra*. En ejercicio de su discreción, dentro de las facultades que le brinda la Regla 235 de Procedimiento Criminal, *supra,* el foro primario entendió que existía justificación para emitir la *Orden* recurrida, bajo los hechos particulares del caso. Tanto así, que celebró una vista argumentativa para evaluar la reconsideración solicitada por el peticionario. Luego de ella, reafirmó el dictamen. Más aún, no encontramos limitación legal o constitucional alguna a la solicitud realizada por el Pueblo de Puerto Rico en la etapa de los procedimientos en que se hizo y que fue atendida por el juez que tenía ante sí los procedimientos, antes de que se celebrara el acto de lectura de acusación. Por ello, corresponde denegar la expedición del auto de *certiorari.*

### V.

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones